## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| GREGORY DABBS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  1:16-cv-01463-JBM-JEH |
| ) | |
| PEORIA COUNTY ILLINOIS, SCOTT ) | |
| SORRELL, Peoria County Administrator, ) | |
| individually and official capacity & ) | |
| MICHAEL A BROOKS, individually and ) | |
| official capacity ) | |

Defendants.

## ORDER & OPINION

This matter is before the Court on Plaintiff Gregory Dabb's Complaint (Doc. 1), Motion for Leave to Proceed in forma pauperis (Doc. 4), and Motion to Request Counsel (Doc. 3). Plaintiff's Motion for Leave to Proceed in forma pauperis is granted. Because Plaintiff is proceeding in forma pauperis, his complaint must be screened pursuant to 28 U.S.C. § 1915. Because Plaintiff has failed to state a claim upon which relief could be granted, Plaintiff's complaint (Doc. 1) is dismissed. Lastly, Plaintiff's Motion to Request Counsel is denied because Plaintiff has not attempted to find his own representation without court assistance.

**BACKGROUND**

Plaintiff's Complaint arises from a denial of state veterans benefits. Plaintiff alleges that under state law, veterans are entitled to assistance for rent and utilities. (Doc. 1 at 6). In October of 2015, Plaintiff alleges he gave the Peoria

County Veterans Assistance Office an Ameren[1] bill for payment, which was about $84. *Id.* Plaintiff alleges that Defendant Brooks denied the bill, which resulted in Plaintiff being without power for about five weeks. *Id.* Additionally, Plaintiff alleges that Defendant Brooks lied in his letter explaining the denial of the bill. *Id.* In December, Plaintiff then alleges that he met with Defendant Sorrell, Defendant Brook's supervisor, and showed him the paperwork. *Id.* Plaintiff alleges that a day and a half after the meeting, Plaintiff was arrested by Peoria County Police for disorderly conduct. *Id.* Plaintiff alleges that the case was maintained until August 6, 2016, when it was dropped. *Id.*

On November 29, 2016, Plaintiff filed this suit against the County of Peoria; Scott Sorrell, the Peoria County Administrator; and Michael Brooks, an employee of the Peoria County Veterans Assistance Commission. *Id.* at 2-3. Although Plaintiff brings several claims; he does not identify which claims he seeks to bring against which defendants. Based on the facts given, the Court infers that Plaintiff seeks to bring the following claims. First, Plaintiff seeks to bring a § 1983 claim against all defendants for the denial of his state veterans benefits. *Id.* Second, Plaintiff seeks to bring a § 1983 claim against Defendant Sorrell for unlawful arrest. *Id.* Third, Plaintiff seeks to bring a claim against Defendant Peoria County for a violation of Plaintiff's right to a speedy trial. *Id.*

I. **MOTION TO PROCEED IN FORMA PAUPERIS**

The Court grants Plaintiff's Motion to Proceed in forma pauperis. A court may allow a civil suit to proceed without the prepayment of fees when a plaintiff

---

[1] Ameren is an energy company that provides utilities in Illinois.

2

submits an affidavit that includes a statement of all their assets, and shows that they are unable to pay filing fees or provide security for the payment of a filing fee. 28 U.S.C. § 1915(a)(1). The affidavit must "state the nature of the action . . . and affiant's belief that the person is entitled to redress." *Id*. However, the "privilege to proceed without [paying] costs and fees is reserved to the many truly impoverished litigants who, within a district court's discretion, would remain without legal remedy if such privileges were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).

In support of his Motion, Plaintiff states under penalty of perjury that his housing and utilities are provided for by the United States Department of Veterans Affairs, but that aside from that he has no income. (Doc. 4). Plaintiff also states that he has no current expenses, but that during the time in question he was responsible for utilities. *Id*. Based on Plaintiff's submission, the Court concludes that he is entitled to proceed in forma pauperis.

## II. 28 U.S.C. § 1915 SCREENING

Under 28 U.S.C. § 1915(e)(2), the court must screen complaints proceeding in forma pauperis. The court must then dismiss a complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Because Plaintiff alleges several different claims, the claims will be screened separately. All of Plaintiff's claims are dismissed for failure to state a claim upon which relief may be granted.

When evaluating whether a pro se plaintiff has stated a claim under § 1915(e)(2)(B) de novo, courts use the same standards as that which apply to Rule 12(b)(6) dismissals. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013). Therefore, the court will take "all well-pleaded allegations of the complaint as true and view[] them in the light most favorable to the plaintiff. *Id.* (citing *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). A plaintiff need only give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 733, 776-77 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, a pro se complaint is to be construed liberally and held to "less stringent standards than a formal pleadings by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### III.   42 U.S.C. § 1983 CLAIMS

Plaintiff alleges that Defendants violated his rights under 42 U.S.C. § 1983 by denying him state veterans benefits, unlawfully arresting him, and violating his right to a speedy trial. Section 1983 states that:

> "[E]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ."

42 U.S.C. § 1983. Therefore, in order to state a § 1983 claim, a plaintiff must allege a "violation of a right secured by the constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The Court will determine whether Plaintiff has stated a § 1983 claim for denial of his state veterans benefits, unlawful

4

arrest, and right to a speedy trial individually. Additionally, the Court will address whether Plaintiff has stated any other claim upon which relief could be granted.

### A. ALLEGATION OF § 1983 VIOLATION FROM DENIAL OF STATE VETERANS BENEFITS

Plaintiff has failed to state a claim against any defendant for the denial of state veterans benefits upon which relief can be granted. In order to state a § 1983 claim, a plaintiff must allege a "violation of a right secured by the constitution and laws of the United States." *West*, 487 U.S. at 48; *see also Baker v. McCollan*, 443 U.S. 137, 140 (1979) ("The first inquiry in any § 1983 suit, therefore, is whether the plaintiff has been deprived of a right 'secured by the Constitution and [federal] laws'"). Section 1983 does not create a substantive right; "it merely provides remedies for deprivations of rights" established in the Constitution or another federal statute. *Okla. City v. Tuttle*, 471 U.S. 808, 816 (1985). Plaintiff alleges that Defendants refused to pay a bill that he was entitled to "under state law." (Doc. 1 at 6). However, a state benefit is not a federal right. Because Plaintiff complains only of a violation of state veterans benefits and not a federal right, Plaintiff has failed to state a claim upon which relief could be granted.

### B. ALLEGATION OF § 1983 VIOLATION BY UNLAWFUL ARREST

Plaintiff has failed to state a claim for false arrest under § 1983. In order to prevail on a false arrest claim, a plaintiff must show that that there was no probable cause for his arrest. *Neita v. City of Chicago*, 830 F.3d 494, 497 (7th Cir. 2016) (citing *Thayer v. Chiczewski*, 705 F.3d 237, 246 (7th Cir. 2012). Therefore, in order to state a claim, plaintiff must adequately plead that there was a lack of probable cause for his arrest. *Id*. Plaintiff fails to allege that there was no probable cause for his arrest.

Rather Plaintiff only asserts that Defendant Sorrell "lied to police and had the Plaintiff arrested." (Doc. 1 at 2). Plaintiff then asserts that the case was dropped because the state had violated Plaintiff's right to a speedy trial. *Id.* at 4. Therefore, there are no facts plead to indicate that police did not have probable cause when arresting Plaintiff.

Additionally, Plaintiff appears to only allege the unlawful arrest accusation against Defendant Sorrell; however, in order to state a claim under § 1983, Plaintiff must allege facts that Defendant Sorrell was acting under the "color of state law" when he allegedly caused Plaintiff to be unlawfully arrested. "'Not every action by a state official or employee is to be deemed as occurring 'under color' of state law.'" *Wilson v. Price*, 624 F.3d 389, 392 (7th Cir. 2010) (quoting *Pickrel v. City of Springfield, Ill.*, 45 F.3d 1115, 1118 (7th Cir. 1989)). Furthermore, the "mere assertion that one is a state officer does not necessarily mean that one acts under color of state law." *Id.* (citing *Askew v. Bloemker*, 548 F.2d 673, 677 (7th Cir. 1976)). "A state officer's conduct does not constitute acting under color of state law unless it is 'related in some way to the performance of the duties of the state office.'" *Id.* (quoting *Honaker v. Smith*, 256 F.3d 477, 484-85 (7th Cir. 2001)). Plaintiff has not alleged that Defendant Sorrell, who is a Peoria County Official, was acting under color of state law. Rather, Plaintiff only alleges that he talked to Defendant Sorrell about Defendant Brook's mishandling of veterans funds and that a day and a half after their conversation, Plaintiff was arrested. (Doc. 1 at 2). Plaintiff does allege that Defendant Sorrell lied to police. *Id.* However, Plaintiff does not allege that Defendant

Sorrell was acting under the color of state law during his actions. Therefore, Plaintiff has failed to state a claim for unlawful arrest under § 1983 against Defendant Sorrell.

### C. ALLEGATION OF § 1983 VIOLATION OF RIGHT TO SPEEDY TRIAL

Plaintiff has failed to state a speedy trial claim upon which relief can be granted. The sole remedy for a violation of the speedy trial right is a dismissal of the charges. *Betterman v. Montana*, 136 S. Ct. 1609, 1615 (2016); *see also Strunk v. United States*, 412 U.S. 434, 440 (1973); *Barker v. Wingo*, 407 U.S. 514, 522 (1972). Plaintiff admitted that the criminal proceedings were terminated in a manner that indicated that the Plaintiff was innocent on August 6th, 2016. (Doc. 1 at 5). Therefore, there is no relief that the Court can provide and Plaintiff has failed to state a claim upon which relief could be granted.

### D. OTHER ALLEGATIONS

Plaintiff also makes several other statements, which may be attempts to bring forth other claims against the defendants. However, these statements are conclusory statements and Plaintiff has pled no facts to support them; therefore, he fails to state a claim. A pleading that simply offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions devoid of factual enhancement" are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). These statements include Plaintiff's conclusory statement that "Peoria County has unlawfully institutionalized practices and policies that violate Federal law"[2] for which he pleads no facts. (Doc. 1 at 2).

---

[2] In Plaintiff's list of Exhibits (which he attached to his Complaint), he alleges that "[the] ER head nurse told Plaintiff that the Sheriff's Office routinely [tries to have people involuntarily committed] to intimidate people they don't like." However, the Sheriff's office has a separate legal existence from the county. *DeGenova v. Sheriff of DuPage Cty.*, 209 F.3d 973, 976 n.2 (7th Cir. 2000) (citations omitted). Plaintiff has

Additionally, it includes the two boxes that Plaintiff checked on page 5 of his Complaint, but failed to plead any facts to support: "[Defendant] failed to intervene to protect plaintiff from a violation of his/her civil rights by one or more other defendants" and "[Defendants] conspired together to violate one or more plaintiff's rights." *Id.* at 5. Because Plaintiff has failed to offer facts to support these claims, these claims are dismissed for failing to state a claim upon which relief can be given.

IV.   MOTION FOR COUNSEL

Plaintiff's Motion for Counsel is denied because he has failed to show that he has attempted to acquire counsel on his own. A civil litigant is not entitled to a court-appointed attorney. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). However, the court may request an attorney to represent an indigent litigant. 28 U.S.C. § 1915(e)(1). The decision whether to appoint counsel is generally left to the discretion of the Court. *Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983). However, the Court has several considerations before it will appoint counsel.

First, the plaintiff must show that he made a reasonable attempt to acquire counsel without Court intervention. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Plaintiff has failed to show that he made a reasonable attempt to acquire representation on his own. Plaintiff has filed a Motion for Counsel, which asks him to "attach documentation showing that you have asked several attorneys to represent you in this case." (Doc. 3). Plaintiff has failed to file any documentation to show that

---

named Peoria County as a defendant, not Peoria County Sheriff's Department. Therefore, although Plaintiff has alleged a policy of the Sheriff's Department, Plaintiff has not alleged an institutionalized practice or policy of Peoria County.

8

he sought representation from attorneys. Therefore, Plaintiff has not made a reasonable attempt to acquire counsel and his motion is dismissed.

If the plaintiff had made the proper attempt, then the court would consider whether, "given the difficulty of the case," he appears able to litigate it himself, and if not, whether appointed counsel would be "reasonably likely to alter the outcome." *Pruitt*, 503 F.3d at 655-56, 660. Because Plaintiff has not made a reasonable request, the Court will not consider these factors. Plaintiff's Motion for Counsel is denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to Proceed in forma pauperis (Doc. 4) is GRANTED. Plaintiff's Motion to Request Counsel (Doc. 3) is DENIED. Plaintiff's duplicative motion (Doc. 2) is DISMISSED AS MOOT.

Plaintiff has failed to state a claim under 42 U.S.C. § 1983 for violation of his right to a speedy trial. Because this claim could not be cured of its defects, it is DISMISSED WITH PREJUDICE.

For all other claims, Plaintiff has failed to allege facts to state a claim upon which relief could be granted. Because Plaintiff could cure these defects, these claims are DISMISSED WITHOUT PREJUDICE. Plaintiff will have twenty-one (21) days to file an Amended Complaint that relates to these claims and that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure. If he fails to do so, the case will be dismissed in its entirety.

Entered this _20th_ day of December, 2016.

                                                          s/ Joe B. McDade
                                                          JOE BILLY McDADE
                                                        United States Senior District Judge